IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NAKIA KELLER,           )  | |
|     Petitioner,      )  | Civil Action No. 7:20cv00540 |
|                      )  | |
| v.           )  | |
|                      )  | By: Elizabeth K. Dillon |
| WARDEN,           )  | United States District Judge |
|     Respondent.     )  | |

**MEMORANDUM OPINION AND ORDER**

Nakia Keller, a federal inmate proceeding *pro se*, filed a document, although not using any specific form, in which he alleges that the restitution imposed as part of his criminal judgment is void and should be vacated. (Dkt. No. 1.) Specifically, he claims that the restitution in the criminal judgment against him was "based off of counts 11 and 12 of the indictment" naming him and his co-defendants, but those counts were dismissed as against him. His filing has been docketed as a petition for a writ of habeas corpus, pursuant to 28 U. S. C. § 2241.

The court turns first to the proper vehicle for Keller's claim. Because Keller challenges only the restitution portion of his sentence, his challenge cannot be brought under § 2255. *Blaik v. United States,* 161 F.3d 1341, 1342 (11th Cir.1998) ("[Section] 2255 may not be utilized for the sole purpose of attacking fines and orders of restitution."); *see also United States v. Corcho,* No. 02–7747, 2003 WL 1712118 at *1 (4th Cir. Apr.1, 2003) (unpublished) (citing to *Blaik* and explaining that because the prisoner did "not seek to be released from custody," he could not utilize § 2255 and stating that "it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order"); *United States v. Coward*, 2000 WL 1339540, at *1 (4th Cir. 2000) (same); *McCrea v. United States*, No. 7:11-CR-00089, 2014 WL 12519717, at *5 (W.D. Va. June 13, 2014) (holding same and collecting authority); *but see Coleman v. Brooks*, 133 F. App'x 51, 52 (4th Cir. 2005) (concluding that a claim that "the order of restitution was improper," was properly construed as brought pursuant to § 2255).

Several district courts within the Fourth Circuit have noted that it is an open question whether a challenge to the validity or correctness of a restitution order (as opposed to the execution of a restitution order) may be brought in a § 2241 habeas petition. *E.g.*, *Spears v. Rivera*, No. CA 0:11-2306-RBH-PJG, 2012 WL 1097688, at *3 (D.S.C. Jan. 31, 2012) (citing to decisions from the Second, Third, Tenth, and Eleventh Circuits holding that a challenge to the validity of a restitution order—and not its execution—is not cognizable in a § 2241 petition), *report and recommendation adopted,* No. 0:11-CV-02306-RBH, 2012 WL 1097647 (D.S.C. Mar. 30, 2012); *Vasquez v. Butler*, No. 1:13-CV-32231, 2015 WL 12806568, at *5 (S.D.W. Va. Sept. 24, 2015) ("Courts do not agree as to whether a challenge to the amount of restitution imposed on a petitioner is cognizable in a habeas proceeding."), *report and recommendation adopted,* No. CV 1:13-32231, 2016 WL 7031903 (S.D.W. Va. Dec. 1, 2016). Moreover, several of the circuits that have held § 2241 cannot be used for such a challenge also have declined to decide whether other writs, such as a writ of *coram nobis*, might be available to collaterally attack a restitution order. *E.g.*, *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329 (11th Cir. 2010) (briefly discussing but not deciding the issue); *Kaminski v. United States,* 339 F.3d 84, 89–90 & n. 4 (2d Cir. 2004) (same). *See also Clark v. United States*, No. 3:17-cv-6-FDW, 2017 WL 390294, at *4–*5 (W.D.N.C. Jan. 27, 2017) (concluding that the writ of *coram nobis* could not be used to challenge the amount of restitution ordered).[1]

This case, however, does not require resolution of the question of whether § 2241 can be used for a challenge like Keller's. Even assuming that Keller can challenge the propriety of his restitution order under § 2241—either directly or through use of the savings clause, 28 U.S.C. § 2255(e)—this court is not the proper court in which to bring such a challenge. Instead, any § 2241 petition "must be brought in the district in which petitioner is incarcerated." *United States v.*

---

[1] All of the decisions cited in this paragraph were issued before *United States v. Wheeler*, 866 F.3d 415 (4th Cir. 2018), which extended the reach of the savings clause to a prisoner challenging only his sentence, if he could otherwise meet the requirements set forth in *Wheeler*. Thus, to the extent the decisions concluded a challenge to restitution could not be brought via § 2241 and the savings clause because challenges to sentences simply were not permitted, *see, e.g.*, *Spears*, 2012 WL 1097688, at *5, that reasoning is no longer good law in this circuit.

*Childs*, 126 F. App'x 96, 98 (4th Cir. 2005) (citing *In re Jones,* 226 F.3d 328, 332 (4th Cir. 2000)). In *Childs*, for example, the Fourth Circuit noted that a § 2241 challenging the implementation of a restitution order had to be brought where the petitioner was incarcerated. *Id.*; *see also United States v. Hudgins*, 201 F. App'x 142, 142 (4th Cir. 2006) (challenge to restitution order on the ground that it improperly delegated the timing and amount of payments to the Bureau of Prisons should have been treated as a § 2241 petition and filed in the district where petitioner was incarcerated). At the time he filed his petition, Keller was incarcerated in Petersburg, which is in Prince George County, within the Eastern District of Virginia. 28 U.S.C. § 127(a).

Transfer of an improperly filed petition—as opposed to a dismissal without prejudice—is not mandatory, *United States v. McNeill*, 523 F. App'x 979, 983 (4th Cir. 2013), and the court concludes that transfer is not in the interests of justice here. First of all, it is not even clear whether Keller can proceed under § 2241, as already noted. Moreover, Keller already made the same arguments in his first 28 U.S.C. § 2255 motion. In addressing them, the sentencing court noted that they could not properly be brought in a § 2255 motion, but it explained why they were nonetheless without merit. Mem. Op., at 15–17 & n. 6, *United States v. Keller*, No. 5:10-cr-15-2 (W.D. Va. Nov. 7, 2014), ECF No. 319. Accordingly, rather than transfer this claim, the court dismisses Keller's § 2241 petition without prejudice to his ability to refile his claim in the proper court.

## CONCLUSION

For the foregoing reasons, Keller's petition challenging the restitution order in his criminal case (Dkt. No. 1), docketed as a habeas corpus petition under 28 U.S.C. § 2241, is DISMISSED WITHOUT PREJUDICE. Additionally, the Clerk is DIRECTED to STRIKE this case from the active docket of the court and to mail a copy of this memorandum opinion and order to Keller.

Entered: September 25, 2020.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge